UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHIVA AYYADURAI, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLOOR64, INC., a California corporation ) <br> d/b/a TECHDIRT; MICHAEL DAVID ) <br> MASNICK, an individual; LEIGH ) <br> BEADON, an individual; and DOES 1-20, ) <br> ) <br> Defendants. ) | C.A. No. 17-cv-10011-FDS |

**MOTION TO DISMISS OF FLOOR64, INC. AND MICHAEL MASNICK
PURSUANT TO FED. R. CIV. P. 12(B)(5) AND (12)(B)(6)**

Defendants Floor64, Inc. and Michael Masnick ("Defendants") move to dismiss Plaintiff Shiva Ayyadurai's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), both for failure to state a claim and, with respect to Floor64, Inc., for improper service of process.

As grounds for this motion, Defendants submit the accompanying memorandum of law and Affidavit of Michael Masnick, and further state as follows:

1.  Plaintiff, who has publicly identified himself as the "inventor" of email, has sued the Defendants for publishing statements that challenge that claim. His Complaint alleges libel (Count I), intentional interference with prospective economic advantage (Count II), and intentional infliction of emotional distress (Count III).

2.  The Complaint challenges 84 statements allegedly published by Defendants on the blog Techdirt.com. The statements fall generally within five categories: (1) statements asserting that the Plaintiff falsely claims to have invented email; (2) statements asserting that the

Plaintiff misrepresented the significance of his registration of copyright in a computer program called "email"; (3) statements asserting that the Plaintiff incorrectly described a technical report (the "RAND Report") relating to computer messaging; (4) statements concerning the Plaintiff's intent or motivation for claiming to have invented email; and (5) other miscellaneous statements. The statements are listed by category in Exhibit A to the memorandum of law submitted in support of this motion.

3. Count I must be dismissed for two reasons. First, all of the challenged statements are expressions of opinion that do not imply the existence of defamatory facts. The Defendants fully disclosed (and even provided hyperlinks to) the non-defamatory facts on which they based their conclusion that Plaintiff did not in fact "invent" email.

4. Moreover, the challenged statements relate to the Defendants' characterization of Plaintiff's actions. Whether Plaintiff deserves to be called the "inventor" of electronic mail is not something that can be proved true or false. Defendants merely pointed out that other individuals had developed programs implementing the core functions of email long before Plaintiff claims he did.

5. Therefore, the statements cannot constitutionally be the subject of a libel claim because "[u]nder the First Amendment there is no such thing as a false idea." Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974).

6. Count I must be dismissed for the additional reason that Plaintiff, who concedes he is a public figure (Compl. ¶ 1), has not adequately pleaded facts to establish that Defendants published the challenged statements with "actual malice," that is, with knowledge of their falsity or reckless disregard as to their truth. Dismissal of a libel claim is required when public figures have relied merely on "actual malice buzzwords" and have failed to lay out enough facts from

which actual malice might reasonably be inferred. See, e.g., Schatz v. Republican State Leadership Comm., 669 F.3d 50, 56 (1st Cir. 2012).

7.	Counts II and III must be dismissed because they are premised on the same facts as Plaintiff's libel claim, and the law is clear that a plaintiff cannot perform an end run around the First Amendment by simply "restat[ing] [a] defamation claim under a different heading." Brown v. Hearst Corp., 54 F.3d 21, 27 (1st Cir. 1995). Additionally, Plaintiff has failed to plead essential elements of both claims.

8.	Finally, Plaintiff failed properly to serve defendant Floor64, Inc., with process, and therefore all claims against that institutional defendant should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

For all of the above reasons, and for the reasons further stated in the accompanying memorandum of law, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

FLOOR64, INC. and MICHAEL MASNICK,

By their attorneys,

*/s/ Robert A. Bertsche*
Robert A. Bertsche (BBO #554333)
*rbertsche@princelobel.com*
Jeffrey J. Pyle (BBO #647438)
*jpyle@princelobel.com*
Thomas Sutcliffe (BBO #675379)
*tsutcliffe@princelobel.com*
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel:  (617) 456-8018

Dated:  February 17, 2017

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on Thursday, February 16, 2017, I conferred with counsel for the plaintiff by telephone in a good faith attempt to narrow or resolve the issues addressed in this motion.

                                                */s/ Jeffrey J. Pyle*
                                                Jeffrey J. Pyle

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

                                                */s/ Robert A. Bertsche*
                                                Robert A. Bertsche