UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
SHIVA AYYADURAI, an individual,   )
                                                    )
              Plaintiff,                         )
                                                    )
      v.                                          )   C.A. No. 17-cv-10011-FDS
                                                    )
FLOOR64, INC., a California corporation )
d/b/a TECHDIRT; MICHAEL DAVID )
MASNICK, an individual; LEIGH     )
BEADON, an individual; and DOES 1-20, )
                                                    )
              Defendants.                    )
_____ )

### LEIGH BEADON'S
### SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT
### PURSUANT TO THE CALIFORNIA ANTI-SLAPP LAW

Defendant Leigh Beadon ("Beadon") hereby joins co-defendants Michael Masnick ("Masnick") and Floor64, Inc. ("Floor64") in moving to strike Plaintiff Shiva Ayyadurai's complaint pursuant to the California Anti-SLAPP law, Cal. Code Civ. Proc. § 425.16.

The complaint seeks to punish Beadon, like his co-defendants, for constitutionally protected statements on a matter of public interest: the public-figure plaintiff's grandiose claim that he, alone, "invented email." Because Plaintiff cannot demonstrate a probability of success on any of his claims, Beadon is entitled to dismissal of the action against him, along with an award of his attorney's fees and costs.

As grounds for this motion, Beadon adopts and relies on the previously filed "Memorandum of Defendants Floor64, Inc. and Michael Masnick in Support of Their Special Motion to Strike Plaintiff's Complaint Pursuant to the California Anti-SLAPP Law" (the "Floor64 Anti-SLAPP Memorandum") (Dkt. 15), and further states as follows:

1

1. Beadon is a writer for Techdirt.com, an online technology-focused blog based in California. (Complaint ("Compl.") ¶ 8.) Techdirt.com is operated by defendant Floor64, a California corporation, and its founder and CEO, defendant Masnick, a California resident. (Compl. ¶¶ 6, 7; Affidavit of Michael Masnick (Dkt. 16), ¶¶ 2-4.)

2. Plaintiff filed this action on January 4, 2017. On January 8, he served Masnick with process and attempted service on Floor64. On February 17, 2017, Floor64 and Masnick filed a special motion to strike pursuant to the California Anti-SLAPP law, Cal. Code Civ. Proc. § 425.16, (Dkt. 14) and a motion to dismiss under Fed. R. Civ. P. 12(b)(5) and (6) (Dkt. 11).

3. On February 21, Beadon was served with process. Beadon now moves to strike this action for the same reasons articulated in the special motion to strike filed by Floor64 and Masnick.

4. The anti-SLAPP law of California applies to this case because, as explained in the Floor64 Anti-SLAPP Memorandum, California has a greater interest in the application of its anti-SLAPP law to this controversy than does Massachusetts. That is because the conduct causing Plaintiff's alleged injury occurred in California, and the majority of the defendants are located in California.

5. Under Section 145 of the Restatement (Second) Conflict of Laws, the parties' rights with respect to "an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties," considering "the place where the injury occurred," "where the conduct causing the injury occurred," and the "domicil, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) Conflict of Laws, § 145. Applying these factors in defamation cases, courts have followed the anti-SLAPP laws of the state where most defendants

are located, finding that the location of plaintiff's injury is entitled to little weight in the analysis. See, e.g., Sarver v. Chartier, 813 F.3d 891, 898 (9th Cir. 2016) (applying anti-SLAPP law of domicil of majority of defendants where plaintiff allegedly suffered harm to reputation on a nationwide basis).

6. Plaintiff's claim against Beadon arises from statements contained in a blog post concerning a matter of obvious public interest: the historic origins and evolution of electronic mail technology. (Compl. ¶ 46 and Ex. S.)

7. Accordingly, pursuant to Cal. Code Civ. Proc. § 425.16, Plaintiff may not proceed with this action unless he presents this Court with evidence establishing a *probability* that he will prevail over Beadon on his claims of libel, intentional interference with prospective economic advantage, and intentional infliction of emotional distress.

8. Plaintiff cannot shoulder this burden, for four reasons. First, as explained in Beadon's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and accompanying memorandum ("Beadon's Rule 12(b)(6) Motion and Memorandum")—both of which have been filed simultaneously with this motion and are incorporated herein by reference—it is undisputed that the allegedly defamatory statements attributed to Beadon were in fact lifted verbatim from a reader comment that had been posted by a user of Techdirt.com. Accordingly, Plaintiff's claims against Beadon are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which preempts any cause of action seeking to hold a user or provider of a website liable for content supplied by another "information content provider." See generally Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12 (1st Cir. 2016), cert. denied, No. 16-276, 2017 WL 69715 (U.S. Jan. 9, 2017).

9. Second, all of the allegedly defamatory statements at issue are expressions of opinion protected by the First Amendment, and as such they cannot be the subject of liability, as explained in Beadon's Rule 12(b)(6) Motion and Memorandum, as well as in the memorandum of Floor64 and Masnick in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Floor64 Rule 12(b)(6) Memorandum") (Dkt. 19), which Beadon hereby adopts and incorporates herein by reference.

10. Third, Plaintiff has alleged no facts in the Complaint showing that Beadon published the challenged statements with knowledge of their falsity or reckless disregard for the truth, as is required in the case of a public figure such as Plaintiff. (See Floor64 Rule 12(b)(6) Memorandum at 23-27.)

11. Finally, Plaintiff's tag-along claims for intentional interference with prospective economic advantage (Count II) and intentional infliction of emotional distress (Count III) must be dismissed because they merely attempt to repackage libel claims that are barred by the First Amendment, and because they fail adequately to plead the elements of those causes of action. (See Floor64 Rule 12(b)(6) Memorandum at 27-29.)

Accordingly, Leigh Beadon respectfully requests that his motion to strike be granted, and that he be awarded his reasonable attorney's fees and costs as required by the California Anti-SLAPP law.

LEIGH BEADON

By his attorneys,

*/s/ Robert A. Bertsche*
Robert A. Bertsche (BBO #554333)
*rbertsche@princelobel.com*
Jeffrey J. Pyle (BBO #647438)
*jpyle@princelobel.com*
Thomas Sutcliffe (BBO #675379)
*tsutcliffe@princelobel.com*
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel:  (617) 456-8018

Dated:  March 14, 2017

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on March 13, 2017, I conferred with counsel for the Plaintiff by telephone in a good-faith attempt to narrow or resolve the issues raised by this motion.

*/s/  Jeffrey J. Pyle*
Jeffrey J. Pyle

### CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Robert A. Bertsche*
Robert A. Bertsche

2652807v1