UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
SHIVA AYYADURAI, an individual,             )
                                            )
              Plaintiff,                    )
                                            )
      v.                                    )   C.A. No. 17-cv-10011-FDS
                                            )
FLOOR64, INC., a California corporation     )
d/b/a TECHDIRT; MICHAEL DAVID               )
MASNICK, an individual; LEIGH               )
BEADON, an individual; and DOES 1-20,       )
                                            )
              Defendants.                   )
_____ )

**MOTION TO DISMISS OF LEIGH BEADON
PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

Defendant Leigh Beadon ("Beadon") moves to dismiss Plaintiff Shiva Ayyadurai's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. As grounds for this motion, Beadon submits the accompanying memorandum of law and further states as follows:

1.      Plaintiff, who has publicly proclaimed himself the "inventor" of email, has sued the Defendants for publishing statements challenging that claim. Plaintiff's Complaint alleges libel (Count I), intentional interference with prospective economic advantage (Count II), and intentional infliction of emotional distress (Count III).

2.      On February 17, 2017, defendants Floor64, Inc. and Michael Masnick moved to dismiss the Complaint, arguing, among other things, that (1) all of their allegedly defamatory statements were constitutionally protected opinions, and (2) Plaintiff, a self-proclaimed public figure, had failed to adequately plead "actual malice." ("Motion to Dismiss of Floor64, Inc. and Michael Masnick Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6)" (the "Floor64 Rule 12(b)(6)

1

Motion") (Dkt. 11) and supporting memorandum (the "Floor64 Rule 12(b)(6) Memorandum") (Dkt. 19).) Shortly thereafter, Beadon was served with process. Plaintiff's claims against Beadon have all the fatal flaws of his claims against the other defendants, and more.

3. First, the only allegedly defamatory statements Plaintiff attributes to Beadon were comments posted to the defendants' online site, Techdirt.com, by an anonymous third party. The claims against Beadon are therefore preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("Section 230"), which immunizes a provider or user of a website from any cause of action that seeks to treat him as "as the publisher or speaker of material posted by users of the site." Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 18 (1st Cir. 2016), cert. denied, No. 16-276, 2017 WL69715 (U.S. Jan. 9, 2017) (internal quotations omitted). Plaintiff's claims against Beadon seek to treat him as the publisher of such third-party content, and therefore must be dismissed.

5. Second, as explained in detail in the Floor64 Rule 12(b)(6) Memorandum (Dkt. 19), Plaintiff's claims fail because all the statements at issue, including those attributed to Beadon, are opinions protected by the First Amendment. (See Floor64 Rule 12(b)(6) Memorandum at 9-23.)

6. Third, Plaintiff has not adequately pleaded facts to establish that Defendants, including Beadon, published the challenged statements with "actual malice," that is, with knowledge of their falsity or reckless disregard as to their truth. Dismissal of a libel claim is required when public figures have relied merely on "actual malice buzzwords" and have failed to lay out enough facts from which actual malice might reasonably be inferred. See, e.g., Schatz v. Republican State Leadership Comm., 669 F.3d 50, 56 (1st Cir. 2012). (See also Floor64 Rule 12(b)(6) Memorandum at 23-27.)

7. Finally, Counts II and III must be dismissed because they are premised on the same facts as Plaintiff's libel claim, and the law is clear that a plaintiff cannot perform an end run around the First Amendment by simply "restat[ing] [a] defamation claim under a different heading." Brown v. Hearst Corp., 54 F.3d 21, 27 (1st Cir. 1995). (See Floor64 Rule 12(b)(6) Memorandum at 27-29.) These counts must also be dismissed for failure to allege essential elements of the claims at issue. (See id.)

For all of the above reasons, and for the reasons further stated in the accompanying memorandum of law, Plaintiff's claims against Leigh Beadon should be dismissed in their entirety, with prejudice.

> LEIGH BEADON
>
> By his attorneys,
>
> */s/ Robert A. Bertsche*
> Robert A. Bertsche (BBO #554333)
> *rbertsche@princelobel.com*
> Jeffrey J. Pyle (BBO #647438)
> *jpyle@princelobel.com*
> Thomas Sutcliffe (BBO #675379)
> *tsutcliffe@princelobel.com*
> PRINCE LOBEL TYE LLP
> One International Place, Suite 3700
> Boston, Massachusetts 02110
> Tel: (617) 456-8018

Dated: March 14, 2017

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I hereby certify that on March 13, 2017, I conferred with counsel for the plaintiff by telephone in a good-faith attempt to narrow or resolve the issues addressed in this motion.

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle

**CERTIFICATE OF SERVICE**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Robert A. Bertsche*
Robert A. Bertsche

2645931v1