# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON, MASSACHUSETTS

| | |
|---|---|
| SHIVA AYYADURAI, an individual, | ) |
| Plaintiff, | ) CASE NO. 17-cv-10011-FDS |
| v. | ) |
| FLOOR64, INC., a California corporation d/b/a TECHDIRT; MICHAEL DAVID MASNICK, an individual; LEIGH BEADON, an individual; and DOES 1-20, | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT *LEIGH BEADON'S* SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE**

{00079196;1}

Plaintiff Dr. Shiva Ayyadurai ("Dr. Ayyadurai") hereby opposes Defendant Leigh Beadon's ("Beadon") (collectively with Defendants Floor64, Inc. d/b/a Techdirt and Michael David Masnick, "Defendants") special motion to strike the Complaint pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code, § 425.16.

Because Beadon's special motion to strike adopts and relies entirely upon the previously filed "Memorandum of Defendants Floor64, Inc. and Michael Masnick in Support of Their Special Motion to Strike Plaintiff's Complaint Pursuant to the California Anti-SLAPP Law," and because these two special motions to strike involve fundamentally identical arguments, Dr. Ayyadurai likewise adopts and relies upon his memorandum in opposition to Defendants Floor64, Inc.'s and Michael Masnick's special motion to strike. [Doc. 31.]

The Court should deny Beadon's special motion to strike in its entirety for the same reasons it should deny the special motion to strike of Defendants Floor64, Inc. and Michael Masnick, namely:

1. Defendants concede that Massachusetts' anti-SLAPP statute does not apply.

2. California's anti-SLAPP statute is equally inapplicable.  *See* Section 150(2) of the Restatement (Second) of Conflicts of Laws.  [*See also* Doc. 31 at pp. 11-15.]

3. Even if California's anti-SLAPP statute does apply, the specific speech at issue in the Complaint, which involves Defendants' attacks on Dr. Ayyadurai's integrity and reputation, does not involve a matter of public interest, regardless of whether Dr. Ayyadurai's invention of email is a matter of public interest.  *See World Fin'l Group, Inc. v. HBW Ins. & Fin'l Services, Inc.*, 172 Cal.App.4th 1561, 1570 (2009) (holding that abstract public interest in employees' mobility (being free of covenants not to

compete) did not support an anti-SLAPP motion against a complaint charging employees with misappropriating their employer's trade secrets). [*See also* Doc. 31 at pp. 16-18.]

4. Even if California's anti-SLAPP statute does apply, Dr. Ayyadurai has established "minimal merit" for his claims. [*See also* Doc. 31 at pp. 18-25.]

5. The arguments incorporated from Beadon's motion to dismiss, which itself incorporated Defendants Floor64, Inc.'s and Michael Masnick's motion to dismiss, do not justify dismissal of any of Dr. Ayyadurai's claims. Because Defendants adopt and rely on their motions to dismiss for their special motions to strike, for purposes of this opposition Dr. Ayyadurai likewise adopts and relies upon his memorandum in opposition to Defendants Floor64, Inc.'s and Michael Masnick's motion to dismiss. [Doc. 30.] The arguments incorporated from Beadon's motion to dismiss fail for the following reasons:

   a. Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), does **not** immunize Beadon from Dr. Ayyadurai's claims because Beadon himself separately authored and published an independent article containing false and defamatory statements about Dr. Ayyadurai. At this pre-discovery stage, any claim of such immunity is, at best, wholly premature.

   b. The defamatory statements at issue are not expressions of opinion but, rather, are actionable false statements of fact. *See McKee v. Cosby,* 2017 WL 652452, at *8, n. 13 (D. Mass. Feb. 16, 2017) (stating that a statement saying a plaintiff had lied is a factual assertion: "But that *is* an objective fact capable of being proved true or

false, which can be viewed as defamation under Supreme Court rationale") (emphasis in original) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990) ("If a speaker says, 'In my opinion John Jones is a liar,' he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. … Simply couching such statements in terms of opinion does not dispel these implications; and the statement, 'In my opinion Jones is a liar,' can cause as much damage to reputation as the statement, 'Jones is a liar.'")). [*See also* Doc. 30 at pp. 6-17.]

c. Dr. Ayyadurai has alleged the requisite malice. At a minimum, he must at least be permitted to conduct discovery on the issue. *See Bose Corp. v. Consumers Union*, 692 F.2d 189, 196 (1st Cir. 1982), *aff'd*, 466 U.S. 485 (1984) (holding that actual malice may be proven by inference, because it is unlikely that Defendants will admit to their willful or reckless behavior); *Nat'l Ass'n of Gov't Emps. v. Cent. Broad. Corp.*, 379 Mass. 220, 232-233 (1979) (holding that where a defendant's state of mind is at issue, for example, where actual malice must be shown, pre-trial discovery must be permitted to determine the defendant's state of mind at the time the defamatory statements were made). [*See also* Doc. 30 at pp. 17-19.]

d. Dr. Ayyadurai's claims for intentional interference with prospective economic advantage and intentional infliction of emotional distress are adequately pled and stand alone from his claim for defamation. [*See* Doc. 30 at pp. 19-22.]

e. Finally, if for any reason this Court believes that Dr. Ayyadurai has not adequately pled any of his claims, it should grant him leave to amend. *See* Fed.R.Civ.P.

15(a)(2); *Chiara v. Dizoglio*, 59 F.Supp.2d 193, 198 (D. Mass. 1999). [*See also* Doc. 30 at p. 23.]

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Beadon's special motion to strike in its entirety.

Dated: March 28, 2017                     Respectfully submitted,

                                          **CORNELL DOLAN, P.C.**

                                          By:   /s/ Timothy Cornell
                                          Timothy Cornell
                                          BBO # 654412
                                          One International Place, Suite 1400
                                          Boston, Massachusetts 02110
                                          Tel: (617) 535-7763
                                          Fax: (617) 535-7721
                                          tcornell@cornelldolan.com

                                          **HARDER MIRELL & ABRAMS LLP**

                                          By:    /s/ Douglas E. Mirell
                                          Douglas E. Mirell
                                          (Admitted *Pro Hac Vice*)
                                          132 S. Rodeo Drive, Fourth Floor
                                          Beverly Hills, California 90212
                                          Tel: (424) 203-1600
                                          Fax: (424) 203-1601
                                          charder@hmafirm.com

                                          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first class mail to any non-registered participants.

                                                  /s/ Douglas E. Mirell
                                                Douglas E. Mirell