**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON, MASSACHUSETTS**

| | |
|---|---|
| SHIVA AYYADURAI, an individual, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 17-cv-10011-FDS |
| ) | |
| v. ) | |
| ) | |
| FLOOR64, INC., a California corporation ) | |
| d/b/a TECHDIRT; MICHAEL DAVID ) | |
| MASNICK, an individual; LEIGH ) | |
| BEADON, an individual; and DOES 1-20, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S *SUR-REPLY* MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 12(B)(6) AND MOTIONS TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP LAW**

{00079996;4}   i

Plaintiff Dr. Shiva Ayyadurai ("Dr. Ayyadurai") hereby respectfully requests that the Court consider the following sur-reply in support of Dr. Ayyadurai's opposition to Floor64, Inc. d/b/a Techdirt, Michael David Masnick, and Leigh Beadon's (collectively, "Defendants") (1) Motion to Dismiss of Floor64 and Masnick pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (Doc. Nos. 11 and 13), (2) Special Motion to Strike of Floor64 and Masnick pursuant to the California Anti-SLAPP law (Doc. Nos. 14 and 15), (3) Beadon's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Nos. 27 and 28), and (4) Beadon's Special Motion to Strike pursuant to the California Anti-SLAPP law (Doc. No. 26), and their collective Reply (Doc. No. 38) (collectively "Defendants' Motions").

This sur-reply directly addresses, and provides additional authority for, the Court's questions at the April 20, 2017 hearing on Defendants' Motions. The Court asked of Dr. Ayyadurai's counsel[1]:

1. To say that Dr. Ayyadurai invented email requires that we define email. How do we do that?

2. If reasonable people could disagree about the definition of email, even assuming they agree that Dr. Ayyadurai invented some piece of it, how is that a question of provable fact?

3. If Dr. Ayyadurai didn't invent the "@" symbol, a lot of people would say that is a big component of email. If Dr. Ayyadurai didn't invent sending texts from one computer to another, how can you say that he invented email?

To address the Court's questions, it is not necessary at this time for the Court to

---

[1] Dr. Ayyadurai has not yet received a transcript of the hearing. Thus, the statements attributed to the Court herein represent counsel's best efforts to set forth the Court's questions at the hearing.

{00079996;4}                                  1

determine whether email is capable of definition or whether Dr. Ayyadurai invented email in order to deny Defendants' Motions.  Rather, it suffices for now that Defendants' personal attacks on Dr. Ayyadurai's reputation, honesty and integrity subject them to liability for defamation.

The District of Columbia Court of Appeals recently held in a similar case that a defendant's disagreement with a plaintiff's methodology and conclusions regarding the existence of global warming was constitutionally protected opinion; **however**, the defendants' personal attacks on the plaintiff's reputation, honesty and integrity in reaching those conclusions were **not protected**.  As stated therein:

> To the extent statements in appellants' articles take issue with the soundness of Dr. Mann's methodology and conclusions—i.e., with ideas in a scientific or political debate—they are protected by the First Amendment. **But defamatory statements that are personal attacks on an individual's honesty and integrity and assert or imply as fact that Dr. Mann engaged in professional misconduct and deceit to manufacture the results he desired, if false, do not enjoy constitutional protection and may be actionable**. [Emphasis added.]

*Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1242 (D.C. 2016) (concluding that statements calling plaintiff the "poster boy of the corrupt and disgraced climate science echo chamber" and that plaintiff engaged in "wrongdoing," "deceptions," "data manipulation," and "academic and scientific misconduct" were **defamatory in nature and not pure opinion**) (the entire opinion is attached as Exhibit A hereto).  With respect to one of the articles at issue, the Court stated:

> Even allowing for the use of hyperbole in the public discussion about global warming, we conclude that the statements in Mr. Simberg's article that Dr. Mann **acted dishonestly, engaged in misconduct, and compared him to notorious persons, are capable of conveying a defamatory meaning with the requisite constitutional certainty and included statements of fact that can be proven to be true or false**. [Emphasis added.]

*Id*. at 1247; *see also Buckley v. Littell*, 539 F.2d 882, 895 (2d Cir. 1976) (holding that statements

claiming plaintiff "lied about and implicitly libeled several people" were assertions of fact: "As opposed to the loosely definable, variously interpretable statements of opinion above referred to made inextricably in the contest of political, social or philosophical debate, in this instance appellant's comment makes a factual assertion relating to [plaintiff's] journalistic integrity."); *Costello v. Capital Cities Media, Inc.*, 445 N.E.2d 13, 18-19 (Ill. App. 1982) (newspaper article calling a politician a "liar" was actionable).

Thus, wholly apart from the question of whether Defendants' disagreement with Dr. Ayyadurai's conclusion that he invented email is constitutionally protected, Defendants' personal attacks on Dr. Ayyadurai's reputation, honesty and integrity are not.[2] Accordingly, Defendants' Motions should be denied and Dr. Ayyadurai should be permitted to commence discovery and prosecute this action.

Dated: April 27, 2017

Respectfully submitted,

**HARDER MIRELL & ABRAMS LLP**

By: ___/s/ Charles J. Harder_____
Charles J. Harder
(Admitted *Pro Hac Vice*)
Douglas E. Mirell
(Admitted *Pro Hac Vice*)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Tel: (424) 203-1600
Fax: (424) 203-1601
charder@hmafirm.com
dmirell@hmafirm.com

---

[2] In the 14 defamatory articles at issue, Defendants used the following terms to attack Dr. Ayyadurai's reputation, honesty and integrity: "bogus" (17 times); "bullshit" (5 times); "charlatan" (1 time); "fake" (8 times); "false" / "falsely" / "falsehood" (34 times); "fraud" / "fraudster" (2 times); and "liar" / "lies" / "lying" (11 times).

{00079996;4}                                              3

**CORNELL DOLAN, P.C.**

By: /s/ Timothy Cornell
Timothy Cornell
BBO # 654412
One International Place, Suite 1400
Boston, Massachusetts 02110
Tel: (617) 535-7763
Fax: (617) 535-7721
tcornell@cornelldolan.com

*Counsel for Plaintiff*

{00079996;4}                                     4

**CERTIFICATE OF SERVICE**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first class mail to any non-registered participants.

                /s/ Timothy Cornell
                Timothy Cornell