UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIVA AYYADURAI, an individual, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 17-cv-10011-FDS |
| FLOOR64, INC., a California corporation d/b/a TECHDIRT; MICHAEL DAVID MASNICK, an individual; LEIGH BEADON, an individual; and DOES 1-20, | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUR-REPLY**

The pending motions to dismiss and to strike have been comprehensively briefed and argued. Defendants Floor64, Inc., Michael Masnick, and Leigh Beadon oppose Plaintiff's motion for leave to prolong the discussion by submitting a sur-reply.

Sur-replies are "highly disfavored" in many courts, "as they usually are a strategic effort by the nonmoving party to have the last word on a matter." Liberty Legal Found. v. Nat'l Democratic Party of the USA, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012). The disinclination to accept a sur-reply should apply with particular force here, because Plaintiff's proposed submission comes not in response to any new arguments made in a reply, but *a week after an oral argument during which the Court gave both parties ample opportunity to make their cases at length*. The Court may, and should, deny the motion for this reason alone. Walsh v. TelTech Sys., Inc., 821 F.3d 155, 159 n.2 (1st Cir. 2016) (affirming denial of request to file sur-reply).

The Court should also reject the proposed sur-reply because it does not in fact address the ostensible purposes for it that are set out in Plaintiff's motion for leave. The motion says a sur-

reply is necessary to respond to questions the Court asked at oral argument. The proposed sur-reply, however, does nothing of the kind; it fails to address those questions at all. Instead, it repeats Plaintiff's assertion (already made at length, in briefing and at argument) that the allegedly defamatory statements in question are not opinions protected under the First Amendment. (Doc. Nos. 30, 31, 33, 34.) "[A] surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit."[1] Crummey v. Soc. Sec. Admin., 794 F. Supp. 2d 46, 63 (D.D.C. 2011), aff'd, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012); United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 276–77 (D.D.C. 2002) (holding matter addressed in sur-reply "must truly be new," and denying leave where movants made no claim "that they have lacked the opportunity" to address issue before).

For the foregoing reasons, the motion for leave to file a sur-reply should be denied.

> FLOOR64, INC., MICHAEL MASNICK, and
> LEIGH BEADON
>
> By their attorneys,
>
> */s/ Robert A. Bertsche*
> Robert A. Bertsche (BBO #554333)
> *rbertsche@princelobel.com*
> Jeffrey J. Pyle (BBO #647438)
> *jpyle@princelobel.com*
> Thomas Sutcliffe (BBO #675379)
> *tsutcliffe@princelobel.com*
> PRINCE LOBEL TYE LLP
> One International Place, Suite 3700
> Boston, Massachusetts 02110
> Tel:  (617) 456-8018

Dated:  April 28, 2017

---

[1] At the risk of contributing to an interminable stream of paper, Defendants request as a matter of fairness that, in the event the Court allows Plaintiff's motion for leave, Defendants be given leave to submit a three-page response addressing the new case discussion contained in Plaintiff's belated filing.

**CERTIFICATE OF SERVICE**

      I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first class mail to any non-registered participants.

                                        */s/ Robert A. Bertsche*
                                        Robert A. Bertsche