UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIVA AYYADURAI, an individual, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 17-cv-10011-FDS<br>) |
| FLOOR64, INC., a California corporation d/b/a TECHDIRT; MICHAEL DAVID MASNICK, an individual; LEIGH BEADON, an individual; and DOES 1-20, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY**
**(Leave to File Granted on May 1, 2017)**

In his sur-reply, Plaintiff repeats his incorrect refrain that "personal attacks" never amount to First Amendment-protected opinions. This time, he relies on Competitive Enterprise Institute v. Mann, 150 A.3d 1213 (D.C. 2016), in which the local appellate court for the District of Columbia held that specific accusations of scientific misconduct were provably false and could be actionable as defamation. Far from supporting Plaintiff's thesis, however, Mann highlights the fatal defects in his complaint.

In Mann, a climatologist at Penn State University based his defamation claim on articles stating that leaked emails had "'shown'" that he engaged in "'academic and scientific misconduct'" and "behaved in a 'deceptive' and 'most unscientific manner' because he 'molested and tortured'" climate data "'in the service of politicized science.'" Mann, 150 A.3d at 1244–45. While the court allowed Mann's claims to proceed, it did not hold that "personal attacks" on one's "reputation, honesty and integrity" are "not protected" by the First Amendment, as Plaintiff suggests. (Doc. 45 at 3.) To the contrary, the court noted that the use of

1

the word "fraudulent" to refer to Mann's climate research, standing alone, would have been "insufficient as a matter of law" to state a defamation claim, because "the First Amendment [would tip] the judicial balance in favor of speech." Mann, 150 A.3d at 1247. The court also held that a description of Mann's libel claims as "bogus"—another epithet to which Plaintiff objects (Compl. ¶¶ 39(l), 43(a) 46(a); Doc. 45 at 3 n.2)—was protected opinion. Id. at 1249-50.

     Rather, the Mann court found that some of the statements "assert or imply as fact that Dr. Mann engaged in professional misconduct and deceit to manufacture the results he desired." Id. at 1242. That allegation, the court noted, "not only is … capable of being proved true or false, but the evidence of record is that it actually has been proved to be false by four separate investigations" into Mann's conduct. Id. at 1245. Unlike this case, a jury in Mann could determine the truth or falsity of the accusation of data manipulation with reference to a "core of objective evidence"—namely, the way in which Mann handled the data. Milkovich v. Lorain Journal Co., 497 U.S. 1, 21 (1990). Here, as we have explained, statements that Plaintiff is falsely claiming to be the "inventor" of "email" are incapable of such proof, because they amount to a mere "personal judgment" about which computer program was the first to constitute "email." Gray v. St. Martin's Press, Inc., 221 F.3d 243, 248 (1st Cir. 2000). (See Reply, Doc. No. 38, at 7-9.)

     Finally, Mann is distinguishable because the defendants there did not base their conclusions on disclosed, truthful, non-defamatory facts. See Phantom Touring, Inc. v. Affiliated Publications, 953 F.2d 724, 730 (1st Cir. 1992) (defendant's "full disclosure of the facts underlying his judgment" rendered statement protected opinion). Rather, they stated as fact, without further explanation, that leaked emails had "revealed" that Mann "had been engaging in data manipulation," and mischaracterized one of the investigations that had exonerated Mann. Mann, 150 A.3d at 1246-47. By contrast, the Techdirt articles comprehensively laid out the facts both for and against Plaintiff's claim, including hyperlinks to primary source documents.

Plaintiff does not allege that Defendants got any of those facts wrong; he simply dislikes the opinions they drew from them. That, however, is no ground for a defamation claim.

<u>Mann</u> offers no help to Plaintiff. His claims must be dismissed.

FLOOR64, INC., MICHAEL MASNICK, and LEIGH BEADON

By their attorneys,

*/s/ Robert A. Bertsche*
Robert A. Bertsche (BBO #554333)
*rbertsche@princelobel.com*
Jeffrey J. Pyle (BBO #647438)
*jpyle@princelobel.com*
Thomas Sutcliffe (BBO #675379)
*tsutcliffe@princelobel.com*
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel: (617) 456-8018

Dated: May 8, 2017

### CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Robert A. Bertsche*
Robert A. Bertsche